IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUDDER HOLDING COMPANY, LLC, and ICEBERG FRANCHISING, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>F. KELLY CHRISTENSEN; ANCHOR HOLDING COMPANY, LLC; 4C SHAKE COMPANY, LLC; FOUR C FAMILY INVESTMENT, LLC, SHAKING IT UP MANAGEMENT COMPANY, LLC; MOTOR CITY SHAKE COMPANY, LLC; OREM SHAKE COMPANY, LLC; TAYLORSVILLE SHAKE COMPANY, LLC; CALEY'S CATERING & EVENTS, LLC; SHAKEMAKERS, LLC; SHAKEMAKERS II, LLC, ICEBERG OPPORTUNITIES, LLC, ICEBERG, INC., JOLYNN CHRISTENSEN, SHERRI CROPPER, HOLLIE JOHANSON, and DEAN LEHWALDER,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br>●  **GRANTING IN PART AND DENYING IN PART [30] DEFENDANTS' PARTIAL MOTION TO DISMISS CERTAIN PARTIES AND CLAIMS IN PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, A MOTION FOR A MORE DEFINITE STATEMENT ON CERTAIN CLAIMS; AND**<br>●  **DENYING [45] PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Case No. 2:17-cv-00678-DN<br><br>District Judge David Nuffer |

Defendants[1] filed the Partial Motion to Dismiss, or in the alternative, a Motion for a

More Definite Statement on Certain Claims (Partial Motion to Dismiss).[2] Defendants seek the

---

[1] F. Kelly Christensen (Kelly Christensen), Anchor Holding Company, LLC ("Anchor"), 4C Shake Company, LLC (4C Shake), Four C Family Investment, LLC (Four C), Shaking It Up Management Company, LLC (Shaking It Up); Motor City Shake Company, LLC (Motor City LLC), Orem Shake Company, LLC (Orem LLC), Taylorsville Shake Company, LLC (Taylorsville LLC), Caley's Catering & Events, LLC (Caley's Catering), Shakemakers, LLC (Shakemakers), Shakemakers II, LLC (Shakemakers II), Iceberg Opportunities, LLC (Iceberg Opportunities), Iceberg, Inc. (Iceberg Inc.), Jolynn Christensen, Sherri Cropper, Hollie Johanson, and Dean Lehwalder (collectively, Defendants).

[2] Defendants' Partial Motion to Dismiss Certain Parties and Claims in Plaintiffs' Complaint or, in the Alternative, a Motion for a More Definite Statement on Certain Claims, docket no 30, filed August 4, 2017.

dismissal of some of the named Defendants from a majority of the causes of action in Plaintiffs'

Complaint[3] as well as the dismissal of some of Plaintiffs' causes of action. As an alternative

form of relief for some of these requests, Defendants also seek an order requiring Plaintiffs to

offer a more definite statement regarding certain causes of action. Plaintiffs Rudder Holding

Company, LLC (Rudder), and Iceberg Franchising, Inc. (Iceberg Franchising) (collectively,

Plaintiffs) oppose Defendants' Partial Motion to Dismiss.[4] Defendants replied in support.[5]

After filing their memorandum in opposition to the Partial Motion to Dismiss, and after

Defendants' Reply was filed, Plaintiffs also filed the Motion for Leave to File an Amended

Complaint (Motion for Leave to Amend)[6] along a proposed amended complaint ("Proposed

Amended Complaint").[7] Defendants opposed the Motion for Leave to Amend[8] and Plaintiffs

replied in support.[9]

Although Plaintiffs requested oral argument on the Motion for Leave to Amend,[10] after

having reviewed the supplied briefing on these two motions it is determined that both motions

can be decided on the supplied briefing. As provided in the following decision, Defendants'

---

[3] Complaint, docket no. 2, filed June 23, 2017.

[4] Plaintiffs' Opposition to Defendants' Partial Motion to Dismiss Certain Parties and Claims in Plaintiffs' Complaint or, in the Alternative, a Motion for a More Definite Statement on Certain Claims (Opposition to Partial Motion to Dismiss), docket no. 37, filed September 29, 2017.

[5] Defendants' Reply Memorandum in Further Support of Partial Motion to Dismiss Certain Parties and Claims in Plaintiffs' Complaint or, in the Alternative, A Motion for a More Definite Statement on Certain Claims, (Defendants' Reply) docket no 44, filed November 22, 2017.

[6] Memorandum in Support of Motion for Leave to File an Amended Complaint, docket no. 45, filed January 29, 2018.

[7] Motion for Leave to Amend, Exhibit 1, Amended Complaint, docket no. 45-1, filed January 29, 2018.

[8] Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint (Opposition to Motion for Leave to Amend), docket no. 46, filed February 12, 2018.

[9] Reply Memorandum in Support of Motion for Leave to File an Amended Complaint, docket no. 47, filed February 26, 2018.

[10] Motion for Leave to Amend at 1.

Partial Motion to Dismiss is GRANTED IN PART AND DENIED IN PART and Plaintiffs'

Motion for Leave to Amend is DENIED.

## Contents

BACKGROUND ................................................................................................................. 3
APPLICABLE STANDARDS OF REVIEW ...................................................................... 6
DISCUSSION ..................................................................................................................... 7
    1.    Dismissal of Some Defendants from Certain Causes of Action is Appropriate
        Based on the Identified Paragraphs of the Settlement Agreement. ...................... 9
        A.    Plaintiffs' First Cause of Action for Breach of Contract ......................... 10
        B.    Plaintiffs' Sixth and Seventh Causes of Action for Violation of Federal
              and State Misappropriation of Trade Secret Law. ................................... 15
        C.    Plaintiffs Eighth and Ninth Claims for False Designation of Origin and
              Unfair Competition. ............................................................................... 17
    2.    Staying—Rather Than Dismissing—the Causes of Action Subject to Arbitration
        is Procedurally Appropriate .................................................................................. 17
    3. Because the Parties Have Stipulated that Certain Claims are to be Arbitrated,
        Plaintiffs' Twelfth Cause of Action is No Longer Viable ................................... 19
    4. Dismissal of Plaintiffs' Thirteenth Cause of Action for Civil Conspiracy Is Appropriate
        Because It Does Not Include the Required Detailed Allegations of Specific Acts
        ............................................................................................................................. 20
    5.    Plaintiffs Must Provide a More Definite Statement as to the Eleventh Cause of
        Action in the Complaint ........................................................................................ 22
    6.    Denial of Plaintiffs' Proposed Amended Complaint is Appropriate Because It
        Does Not Address Deficiencies Identified in this Decision .................................. 24
ORDER .............................................................................................................................. 26

## BACKGROUND

Rudder is the holding company that owns and operates the Iceberg Drive Inn restaurant

brand enterprise via franchises created by Iceberg Franchising.[11] Plaintiffs had been in a prior

business agreement with Kelly Christensen and some of the Defendant entities (which were

under his control) regarding franchised Iceberg restaurants.[12]

Citing concerns with the operation of those restaurants in violation of their business

agreement, Plaintiffs filed suit in the Utah Third District Court against nearly all of the named

---

[11] Complaint at ¶6.

[12] Id. at ¶22.

Defendants in this case (Kelly Christensen, Anchor, Shaking it Up, Motor City, Orem LLC, Taylorsville LLC, Caley's Catering, Shakemakers, Shakemakers II, LLC and Iceberg Opportunities).[13] The parties to that state court lawsuit as well as Defendants Iceberg, Inc. (another entity connected to Kelly Christensen), JoLynn Christensen, and Sherri Cropper entered into a binding Settlement Agreement[14] on April 12, 2016.[15]

At the time that the Settlement Agreement was signed, Defendant Iceberg Opportunities owned and operated five Iceberg Drive Inn Restaurants at the following locations in Utah: Taylorsville, Syracuse, Orem, Sandy, and Motor City.[16] The Settlement Agreement defines these five restaurants collectively as the Christensen Iceberg Stores.[17] The main focus of the Settlement Agreement was to transition Defendants from owning and operating any stores as *Iceberg* stores, save one Iceberg restaurant location at 3906 South 900 East in Salt Lake City, Utah (the 3900 South Iceberg).[18] The Settlement agreement required all Christensen Iceberg Stores to be adequately debranded into non-Iceberg restaurants no later than April 17, 2017,which was 365 days after the date the Settlement Agreement had been signed (the Transition Date).[19]

The Settlement Agreement also required that Defendants transfer all ownership and control of Iceberg intellectual property to Plaintiffs, although the Settlement Agreement included

---

[13] *Id.* at ¶2.

[14] Exhibit to Complaint—Confidential Settlement Agreement Between the Parties (Settlement Agreement), docket no 23-1, filed under seal June 27, 2017.

[15] Complaint at ¶2.

[16] *Id.* at ¶22.

[17] *Id.*

[18] *Id.*at ¶24.

[19] *Id.*

a limited license for limited grandfathered activity in connection with the 3900 South Iceberg.[20]
Under the terms of the Settlement Agreement, Defendants were prohibited from engaging in any
activities that would confuse customers and the public as to Iceberg franchise operations,
products, stores, and services, with any businesses that Defendants had or would operate (save
for the 3900 South Iceberg location).[21] The Settlement Agreement also provided that Caley's
Catering was granted a perpetual, nonexclusive, and royalty-free license to sell Iceberg
products.[22]

Plaintiffs' Complaint in this case alleges that the Defendants breached the obligations set
forth in the Settlement Agreement. Based on those allegations, Plaintiffs bring fourteen causes of
action: (1) breach of contract,[23] (2) breach of the covenant of good faith and fair dealing;[24] (3)
accounting pursuant to Settlement Agreement;[25] (4) infringement of trademark;[26] (5)
infringement of trade dress;[27] (6) misappropriation of trade secrets under federal law;[28] (7)
misappropriation of trade secrets under Utah law;[29] (8) false designation of origin and unfair
competition;[30] (9) false advertising in violation of the Lanham Act;[31] (10) violation of the Utah

---

[20] *Id.*

[21] *Id.* at 23.

[22] Settlement Agreement ¶ 9.

[23] Complaint at ¶¶ 71-73.

[24] *Id.* at ¶¶ 74-78.

[25] *Id.* at ¶¶ 79-81.

[26] *Id.* at ¶¶ 82-96.

[27] *Id.* at ¶¶ 97-113.

[28] *Id.* at ¶¶ 114-128.

[29] *Id.*

[30] *Id.* at ¶¶ 129-135.

[31] *Id.* at ¶¶ 136-142.

Deceptive Trade Practices Act;[32] (11) intentional interference with economic relations;[33] (12) declaration regarding scope of arbitration clause and order to arbitration pursuant to the Settlement Agreement and the Federal Arbitration Act;[34] (13) civil conspiracy;[35] and (14) declaratory judgment.[36]

Defendants seek relief on all but the second, third, and fourteenth causes of action.[37] As to the Motion to Amend. Plaintiffs argue that the Proposed Amended Complaint would render the Partial Motion to Dismiss moot, as Plaintiffs offer that it sufficiently addresses Defendants' arguments for dismissal in addition to correcting certain typographical errors.[38]

## APPLICABLE STANDARDS OF REVIEW

Resolving these two motions requires the application of three legal standards.

**A motion to dismiss is brought under Rule 12(b)(6)** of the Federal Rules of Civil Procedure. Defendants are entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[39] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered. A court is not

---

[32] *Id.* at ¶¶ 143-146.

[33] *Id.* at ¶¶ 147-159.

[34] *Id.* at ¶¶ 160-163.

[35] *Id.* at ¶¶ 164-172.

[36] *Id.* at ¶¶ 173-175.

[37] Partial Motion to Dismiss at 1.

[38] Motion to Amend at 5.

[39] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

bound to accept the complaint's legal conclusions and opinions, even if they are couched as facts.[40]

**A motion for a more definite statement is brought under Rule 12(e)** of the Federal Rules of Civil Procedure. Under that rule, [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[41] Although "[m]otions for a more definite statement are generally disfavored in light of liberal discovery available under the federal . . . the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or an admission."[42]

Finally**, a motion to amend is brought under Rule 15(a)(2)** of the Federal Rules of Procedure. The rule provides that "[t]he court should freely give leave" to amend pleadings "when justice so requires."[43] ."A district court should refuse leave to amend only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[44] The following discussion will apply these guiding standards.

## DISCUSSION

Even for a Partial Motion to Dismiss, Defendants' request is rather involved, given that multiple Defendants raise issues pertaining to all but three of Plaintiffs' causes of action. And the number of parties here is centrally complicating: Plaintiffs maintain that all, or nearly all, of the

---

[40] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[41] *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1044 (D. Kan. 2018) (internal citations omitted).

[42] *Id.*

[43] Fed. R. Civ. P. 15(a)(2).

[44] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir.2010).

named Defendants are liable under each cause of action in the Complaint. Defendants seek dismissal of certain Defendants from specific causes of action because Plaintiffs have failed to demonstrate that those particular Defendants could be liable under the facts alleged.

Specifically, Defendants seek the dismissal of Defendants Anchor, 4C Shake, Four C, Shaking it Up, Caley's Catering, Shakemakers II, and Iceberg Inc. from Plaintiffs' first cause of action for breach of contract.[45] Defendants argue that, because that those parties do not owe obligations under the specific paragraphs of the Settlement Agreement that Plaintiffs allege have been breached, the breach of contract cause of action can be dismissed against those parties.[46] Defendants also seek to dismiss Defendants Kelley Christensen, Anchor, 4C Shake, Four C, Shaking it Up, Caley's Catering, Shakemakers II, and Iceberg Inc., Hollie Johanson, and Dean Lehwalder, from the sixth, seventh, eighth, and ninth causes of action.[47] As an alternative to dismissal, Defendants seek more definite statements from the Plaintiffs on these causes of action.[48]

Defendants also seek dismissal of Plaintiffs' fourth, fifth, tenth, and twelfth causes of action[49] because the terms of the Settlement Agreement specify that the parties agreed to resolve these claims through arbitration.[50] As an alternative form of relief, Defendants seek an order requiring a more definite statement from the Plaintiffs regarding these causes of action.[51]

---

[45] Partial Motion to Dismiss at ii.

[46] *Id.*

[47] *Id.* at ii-iv. These causes of action allege misappropriation of trade secrets under Utah law; false designation of origin and unfair competition; and false advertising in violation of the Lanham Act.

[48] *Id.*

[49] These causes of action allege infringement of trademark; infringement of trade dress; violation of the Utah Deceptive Trade Practices Act; and declaration regarding scope of arbitration clause and order to arbitration pursuant to the Settlement Agreement and the Federal Arbitration Act.

[50] *Id.* at iii.

[51] *Id* at iv.

Defendants also seek an order for the Plaintiffs to provide a more definite statement regarding the eleventh cause of action for intentional interference with economic relations.[52] Defendants maintain that, in its present form, the eleventh cause of action does not plead a plausible cause of action against the named defendants.[53]

To address these myriad issues in an organized fashion, the discussion will proceed as follows: 1) determining which Defendants or causes of action should be dismissed; 2) determining how to address the arbitrability of certain claims; 2) determining which claims require more definite statements from the Plaintiffs; and 4) whether to permit the filing of the Proposed Amended Complaint.

1. **Dismissal of Some Defendants from Certain Causes of Action is Appropriate Based on the Identified Paragraphs of the Settlement Agreement.**

The operative question in considering the sufficiency of a complaint under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face.[54] To survive a motion to dismiss under this standard, a plaintiff must "nudge [its] claims across the line from conceivable to plausible."[55] In these instances, it is also important to consider the requirements of Fed. R. Civ. P. 8, which provides that the complaint must contain " a short and plain statement of the claim showing that the pleader is entitled to relief."[56] "The degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."[57] In analyzing the sufficiency of the

---

[52] *Id.*

[53] *Id.*

[54] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[55] *Id.* (internal citation omitted).

[56] Fed. R. Civ. P. 8(a)(2).

[57] *Robbins v. Oklahoma ex rel. Dept. of Human Services*, 519 F.3d 1242, 1248 (10th Cir. 2008).

complaint, the court is not limited to the four corners of the complaint, but may also consider documents referred to in the complaint.[58]

As explained below, it is appropriate to dismiss some of the named Defendants from certain causes of action in the Complaint because Plaintiffs have not stated plausible claims against them, particularly given the obligations detailed in the Settlement Agreement.

### A. Plaintiffs' First Cause of Action for Breach of Contract

Regarding the first cause of action, Plaintiffs claim that the majority of the named Defendants breached paragraphs 2, 4, 4.b, 4c, 5, 6, 7, 7a, 7b, 7d, 7h, 7i, 7j, 9e, 12,18, and 33 of the Settlement Agreement.[59] Defendants argue in the Partial Motion to Dismiss that only some of those Defendants named in the first cause of action are obligated under those paragraphs of the Settlement Agreement.[60] In support of this argument, Defendants assert that, under Utah law, the Settlement Agreement is a several contract meaning that certain obligations are owed by some Defendants, and other obligations are owed by other Defendants.[61] Defendants are correct.

"Whether a contract is joint, joint and several, or several, depends upon the construction of the language used and the intention of the parties as manifested by the language used. That language must be followed by the court."[62] Most contracts bind only those who bargain for them.[63]

> As a general rule, where two or more parties to a contract promise the same performance to the same promisee, each is bound for the whole performance [of the contract], whether his duty [is expressed as] joint, several, or joint and several. Unless a contrary intention is manifested, a promise by two or more promisors is

---

[58] *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

[59] Complaint at ¶72. The Settlement Agreement is docket no 23-1, filed under seal June 27, 2017.

[60] Defendants' Reply at 3.

[61] *Id.*

[62] *Fed. Deposit Ins. Corp. v. Bismarck Inv. Corp.,* 547 P.2d 212, 214 (Utah 1976).

[63] *Bybee v. Abdulla*, 189 P.3d 40, 43 (Utah 2008).

presumed to be joint. This is the consistent view of the various treatises on contract law and the Restatement (Second) of Contracts. A several obligation, by contrast, has the effect of creating two separate liabilities on a single contract. Accordingly, when a several obligation is entered into by two or more parties in one instrument, it is the same as though each has executed separate instruments. Under these circumstances, each party is bound separately for the performance which it promises and is not bound jointly with anyone else. Finally, a joint and several contract is a contract made by the promisee with each promisor and a joint contract made with all the promisors, so that parties having a joint and several obligation are bound jointly as one party, and also severally as separate parties at the same time.[64]

Based on that guidance, the Settlement Agreement here is a several contract because the Settlement Agreement deals with multiple relationships of multiple entities. Although multiple parties signed the Settlement Agreement, individual paragraphs create *separate* liabilities for *separate* parties. In their first cause of action, Plaintiffs seek to hold certain defendants liable under paragraphs of the Settlement Agreement that do not impose duties on those defendants. Each paragraph of the Settlement Agreement identified in Plaintiffs' first cause of action is examined below.

Paragraph 2 of the Settlement Agreement addresses the transfer of the Iceberg Trademark and obligates *Iceberg Opportunities* to facilitate that transfer.[65] Paragraphs 4 and 5 describe the operation, repair, and maintenance obligations by *Iceberg Opportunities, Motor City LLC, Taylorsville LLC, and Orem LLC* in conjunction with the operation of the Christensen Iceberg Stores.[66] Therefore, the only Defendants that are liable for breaches of these paragraphs are those Defendants who are specifically obligated: Defendants Iceberg Opportunities, Motor City LLC, Taylorsville LLC, and Orem LLC.

---

[64] *Tel. Tower LLC v. Century Mortg. LLC*, 376 P.3d 333, 343 (Utah Ct. App. 2016) (internal citations and quotations omitted.)

[65] Settlement Agreement at ¶ 2.

[66] *Id.* at ¶¶ 4-5.

Paragraph 7 and its subsections all relate the operation of the 3900 South Iceberg by Shakemakers and its associated obligations.[67] However, Plaintiffs allege that actions by the *Christensen Iceberg Stores* amounted to a breach of this paragraph.[68] It is unclear in the Complaint how *Shakemakers* breached its obligations. Absent allegations that Shakemakers breached its duties under the Settlement Agreement., Defendant Shakemakers must be dismissed from the first cause of action as presently pleaded in the Complaint.

Paragraph 9(e) of the Settlement Agreement addresses how Caley's Catering may use the Iceberg IP.[69] But despite the allegations that Caley's Catering has breached this paragraph,[70] those allegations are conclusory: nothing in the complaint articulates *how* Caley's Catering is allegedly misusing the Iceberg IP. Therefore, Plaintiffs' alleged claims against Caley's Catering are not plausible on its face and Caley's Catering must be dismissed from the first cause of action.

Plaintiffs state that "Provision" 12 of the Settlement Agreement entitle them to an accounting "concerning all profits, revenues, income, and royalties obtained by Defendants".[71] But it is unclear what provision of the Settlement Agreement Plaintiffs are referring to because *Paragraph* 12 of the Settlement Agreement is a mutual release by all parties regarding any obligations outside the Agreement. None of the alleged facts in the show *how* Paragraph 12 was violated. And because it is unclear which paragraph of the Settlement Agreement contains the

---

[67] *Id.* at ¶7.

[68] Complaint at ¶¶38–55, 57-59, and 60–70.

[69] Settlement Agreement at ¶9.

[70] Complaint at ¶72.

[71] *Id.*

accounting language that Plaintiffs seek to enforce, this claim must be dismissed from the first cause of action.

Paragraph 18 of the Settlement Agreement prohibits the Christensen Iceberg Stores from use of the same menus after the Transition Date.[72] But that paragraph also specifies that Shakemakers and the 3900 South Iceberg enjoy a perpetual right to retain use of the same menus and menu formats after the Settlement Agreement was signed.[73] If there was a breach of the identified obligations of this paragraph, only the Christensen Iceberg Stores operated by Iceberg Opportunities, Motor City LLC, Taylorsville LLC, or Orem LLC would owe duties. The Complaint is not clear how the other Defendants named under the first cause of action are obligated under this paragraph.

Paragraph 33 is an attorneys' fees provision which allows for collection of fees by a prevailing party.[74] But again, it appears that the only parties that could be held liable for breaching the identified paragraphs of the Settlement Agreement are Iceberg Opportunities, Motor City LLC, Taylorsville LLC, or Orem LLC. And so only those Defendants would be associated with a determination of the collection of attorneys' fees.

In response to Defendants' argument regarding this first cause of action, and despite the clear language of the Settlement Agreement, Plaintiffs argue that Kelly Christensen can still be liable under this first cause of action because he signed the Settlement Agreement not only personally but also in a representative capacity for the Defendant businesses and because the alter ego doctrine provides that owners may be liable for a breach of contract by their business

---

[72] Settlement Agreement at ¶18.

[73] *Id.*

[74] *Id.* at ¶33.

entity.[75] These arguments fail. Kelly Christensen' personal obligations under the Settlement Agreement are separate from the entity obligations. He signed no guaranty of the entity obligations.

The Utah case that Plaintiffs cite for the proposition that Kelly Christensen could be held personally liable based on his signature, *Anderson v. Gardner*,[76] considered an alleged ambiguity arising from an individual signing a contract without indicating he was signing for his employer.[77] "The signature is that of defendant alone, without any indication that he is signing for any other party or in any other capacity than for himself."[78] In that instance, the Utah Supreme Court determined that individual who signed the contract at issue was personally liable.[79] There is no such ambiguity here. As to each of these business entities, Kelly Christensen indicated his position as manager or president for each of these entities.[80]

And as to the alter ego argument, Plaintiffs have not brought any claim for alter ego in the Complaint. At most, Plaintiffs have alleged that "[Kelly] Christensen has held and maintained various key positions of influence, decision making and control over the various entities[.]"[81] But this is not enough. Under Utah law, the requirements for an alter ego claim are proof of "such a unity of interest and ownership that the separate personalities of the corporation ... no longer exist[s]." and the demonstration that the "court's observance of the corporate form"

---

[75] Opposition to Partial Motion to Dismiss at 5-7.

[76] 647 P.2d 3 (Utah 1982).

[77] *Id.* at 4-5.

[78] *Id.* at 4.

[79] *Id.* at 5.

[80] Settlement Agreement at 25-27.

[81] Compliant at ¶ 21.

would "sanction a fraud, promote injustice, or [cause] an inequitable result"[82]. As to each of these requirements, the factual allegations must be detailed enough to put a defendant on notice of the claim.[83] Plaintiffs' allegations that Kelly Christensen has "held key positions of influence" falls short of the detail required under Utah law.

Therefore, as to the first cause of action for breach of contract, the only appropriately named Defendants in this cause of action are those that specifically owe obligations under the identified Paragraphs of the Settlement Agreement: Iceberg Opportunities, Motor City LLC, Taylorsville LLC, and Orem LLC. The Partial Motion to Dismiss is Granted as to Defendants Kelly Christensen, Anchor, Four C, Shaking it Up, Caley's Catering, Shakemakers, Shakemakers II, and Iceberg, Inc. These Defendants are dismissed from Plaintiffs' first cause of action without prejudice. Furthermore, Plaintiffs' claim of breach of "Provision 12" of the Settlement Agreement is also dismissed without prejudice.

### B. Plaintiffs' Sixth and Seventh Causes of Action for Violation of Federal and State Misappropriation of Trade Secret Law.

Plaintiffs' sixth and seventh cause of action are for the violation of Utah state and federal trade secret law.[84] Again, however, Plaintiffs' allegations against certain defendants are not enough to nudge those claims from being conceivable to plausible.

In support of the claims that Defendants violated Utah and federal trade secret law Plaintiffs argue that, because Kelley is alleged to have maintained positions of influence over the Defendant business entities,[85] "Defendants, on information and belief, have disclosed and

---

[82] *Prows v. State,* 822 P.2d 764, 767 (Utah 1991) (internal citations and quotations omitted).

[83] *Id.*

[84] Complaint at ¶¶ 114-128.

[85] Opposition to Partial Motion to Dismiss at 6.

continue to disclose Iceberg Trade Secrets with their employees who are not Iceberg franchise employees without the consent of Iceberg."[86]

However, these broad allegations overlook that the Settlement Agreement provides that Shakemakers was granted a perpetual and royalty free license to use the Iceberg IP.[87] And as set forth in the Settlement Agreement, Shakemakers continues to run the 3900 South Iceberg.[88] Under the terms of the Settlement Agreement regarding the Iceberg IP, it is neither conceivable nor plausible that Shakemakers could be liable for a violation of trade secret law. Furthermore, under the Settlement Agreement, Caley's Catering was granted a perpetual, nonexclusive, and royalty-free license to sell Iceberg products.[89]

As Defendants point out,[90] naming the majority of the Defendants under these causes of action is too broad. Considering the aforementioned terms of the Settlement Agreement, any claim for an alleged breach of trade secret is only applicable to the Christensen Iceberg Stores for actions after the Transition Date. And as for Defendants Kelly Christensen, Hollie Johanson, and Dean Lehwalder, Plaintiffs have not pleaded facts that make it clear why these Defendants would be personally liable for acts by the Christensen Iceberg Stores.

Therefore, Defendants Iceberg Opportunities, Motor City LLC, Taylorsville LLC, and Orem LLC are the only plausible Defendants under these causes of action. Accordingly, the Partial Motion to Dismiss is granted as to Defendants Kelly Christensen, Anchor, 4C Shake, Four C, Shaking it Up, Caley's Catering, Shakemakers, Shakemakers II, Hollie Johanson, and

---

[86] Complaint at ¶124.

[87] Settlement Agreement at ¶ 7

[88] *Id.* at 1

[89] Settlement Agreement at ¶9.

[90] Partial Motion to Dismiss at 9.

Dean Lehwalder. These Defendants are dismissed without prejudice from the sixth and seventh causes of action for misappropriation of trade secret under Utah and Federal Law.

### C. Plaintiffs Eighth and Ninth Claims for False Designation of Origin and Unfair Competition.

Plaintiffs' eighth and ninth causes of action are for False Designation of Origin/Unfair Competition.[91] Again, these causes of action pertain to the operations of the Christensen Iceberg Stores after the Transition Date as Plaintiffs allege that "continuing to operate [these] previously legitimate Iceberg licensed stores" after the transition date confuses customers and violates state and federal law.[92]

Once again, the allegations implicate the Christensen Iceberg Stores operated by Iceberg Opportunities: Motor City LLC, Taylorsville LLC, and Orem LLC. The Complaint is entirely unclear as to how the other named Defendants can be held liable for any post-Transition Date activities at the Christensen Iceberg stores. Therefore, the Partial Motion to Dismiss is granted as to Defendants Kelly Christensen, Anchor, 4C Shake, Four C, Shaking it Up, Caley's Catering, Shakemakers, Shakemakers II, Iceberg, Inc. and Dean Lehwalder. These Defendants are dismissed from these causes of action without prejudice.

### 2. Staying—Rather Than Dismissing—the Causes of Action Subject to Arbitration is Procedurally Appropriate

Defendants seek the dismissal of Plaintiffs' fourth, fifth, and tenth causes of action because Defendants argue that the Settlement Agreement establishes that these causes of action must be arbitrated and are therefore subject to dismissal.[93] Plaintiffs do not dispute that these

---

[91] Complaint at ¶¶129-142.

[92] *See* Complaint at ¶130.

[93] Partial Motion to Dismiss at 4-6, 9-10.

17

causes of action are subject to arbitration as provided in the Settlement Agreement.[94] However,

Plaintiffs argue that dismissal of these causes of action is inappropriate under the Federal

Arbitration Act.[95] Plaintiffs are correct.

> According to the FAA,
>
> If any suit or proceeding be brought in any of the courts of the United States upon
> any issue referable to arbitration under an agreement in writing for such
> arbitration, the court in which such suit is pending, upon being satisfied that the
> issue involved in such suit or proceeding is referable to arbitration under such an
> agreement, shall on application of one of the parties stay the trial of the action
> until such arbitration has been had in accordance with the terms of the agreement,
> providing the applicant for the stay is not in default in proceeding with such
> arbitration.[96]

Defendants' argument that dismissal or stay is d is misplaced. As explained in another

decision within this district, this course of action is "a judicially-created exception that [allows]

courts to dismiss an action, rather than stay it, where it is clear that the *entire controversy* will be

resolved by arbitration."[97] The entire controversy is not at issue here, only certain causes of

action. It is inappropriate to consider dismissal of these claims as a stay is the appropriate

remedy. However, Defendants have not sought that relief here, even in the alternative. Therefore,

Defendants' motion as to these specific causes of action is denied. A motion to stay or order into

arbitration could be filed.

Furthermore, because these causes of action are subject to arbitration, Defendants'

arguments as to which defendants could be dismissed from these causes of action will not be

---

[94] Opposition to Partial Motion to Dismiss at 7-8.

[95] *Id.*

[96] 9 U.S.C. § 3

[97] *Bradford v. Pilot Travel Centers*, LLC, No. 2:18-CV-202 TS-DBP, 2018 WL 4082345, at *2 (D. Utah Aug. 27, 2018) (emphasis added).

considered. As explained below, the Settlement Agreement dictates that such matters are to be decided by an arbitrator.

### 3. Because the Parties Have Stipulated that Certain Claims are to be Arbitrated, Plaintiffs' Twelfth Cause of Action is No Longer Viable

In the Plaintiffs' twelfth cause of action, Plaintiffs' request an order:

> [I]nterpreting and enforcing the Settlement Agreement, which order would, inter alia, declare the powers of the arbitrator, scope of subject matter, procedures, remedies, enforceability, and other details associated with arbitration, order compliance and appointment of a binding arbitrator for such matters, and refer all relevant disputed matters and signatories of the Settlement Agreement as set forth in this Complaint to arbitration which are required to be arbitrated pursuant to the Settlement Agreement.[98]

Defendants assert that dismissal of Plaintiffs' twelfth cause of action is appropriate because the scope of the arbitration should be determined by an arbitrator.[99] In response, Plaintiffs argue that they may appropriately bring this claim[100] because, pursuant to 9 U.S.C. § 4, "[a] party aggrieved by the failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court for an order directing that such arbitration proceed in the manner provided for in such agreement."[101]

Although Plaintiffs are correct that the FAA establishes that Plaintiffs may seek an order directing that arbitration can proceed, relief beyond that is limited: a "[c]ourt's role under the [FAA] is limited to determining: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[102] As Defendants point out, these

---

[98] Complaint at ¶161.

[99] Partial Motion to Dismiss at 11.

[100] Opposition to Partial Motion to Dismiss at 12.

[101] 9 U.S.C. § 4.

[102] *Bradford,* 2018 WL 4082345, at *1 (citing *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010)).

matters here are undisputed: the parties have acknowledged that the fourth, fifth, and tenth causes of action are subject to arbitration as provided for in the Settlement Agreement.[103]

And in addition to this undisputed scope, the operative language of the Settlement Agreement establishes that "only the neutral arbitrator shall review and make the substantive determinations" pertaining to arbitration. As the Tenth Circuit has acknowledged, although courts can "resolve 'arbitrability' issues such as the validity, scope, or enforcement of an arbitration contract  . . . delegation clauses within arbitration contracts can commit the determination of such issues to an arbitrator."[104] The aforementioned language of the Settlement Agreement regarding "substantive determinations" delegates significant authority to the arbitrator to determine the very issues that Plaintiffs raise in the twelfth cause of action.

The stipulation of the parties here as well as the specific, delegated authority of the arbitrator obviates the need for Plaintiffs' requested relief in the twelfth cause of action. As Defendants have indicated, they will seek to stay the causes of action that the parties have now acknowledged are to be arbitrated.[105] That procedurally appropriate course of action will be considered when it is presented, but Plaintiffs' cause of action in unnecessary and overbroad given the circumstances and applicable law here. Dismissal of this cause of action with prejudice is appropriate.

### 4. Dismissal of Plaintiffs' Thirteenth Cause of Action for Civil Conspiracy Is Appropriate Because It Does Not Include the Required Detailed Allegations of Specific Acts

The final cause of cause of action that Defendants move to dismiss is Plaintiffs' thirteenth cause of action for civil conspiracy.[106] In order to prove civil conspiracy in Utah, "five elements

---

[103] Settlement Agreement at ¶4.

[104] *Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1105 (10th Cir. 2020).

[105] Defendants' Reply at 6.

[106] Complaint at ¶¶164-172.

must be shown: '(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof.'"[107] A complaint must contain facts that show a meeting of the minds rather than conclusory statements that "simply imply that this element is satisfied"[108] and must allege "specific overt acts (including when, where, who, what) in which the . . . defendants participated[109] that demonstrate the existence of an underlying tort.[110]

Defendants argue that Plaintiffs' civil conspiracy cause of action fails because Plaintiffs "only allege in a conclusory fashion [in paragraphs 168 and 169 of the Complaint] that there was a 'meeting of the minds'" and because Plaintiffs "do not state what the supposed unlawful overt acts were, which, Defendants took them, and when they were taken."[111] Plaintiffs respond with the argument that it is not necessary to plead a civil conspiracy claim with particularity and that their conclusory statements of the elements of civil conspiracy are adequate, particularly since the cause of action incorporates by reference all preceding paragraphs of the complaint.[112]

Granted, because Plaintiffs' civil conspiracy cause of action incorporates the preceding paragraphs of the Complaint, Plaintiffs have *alleged* the existence of an underlying tort. The eleventh cause of action for intentional interference with economic relations is what appears to support the civil conspiracy cause of action, and that cause of action (which also incorporates the paragraphs that precede it) includes allegations of overt acts that were undertaken to interfere with Plaintiffs' economic relations.

---

[107] *Peterson v. Delta Air Lines, Inc.*, 42 P.3d 1253, 1257 (Utah Ct. App 2002).

[108] *See Fid. Nat. Title Ins. Co. v. Worthington*, 344 P.3d 156, 161 (Utah Ct. App 2015).

[109] *Robinson v. Robinson*, 368 P.3d 105, 118, (Utah Ct. App 2016) cert. denied, 379 P.3d 1183 (Utah 2016)

[110] *Puttuck v. Gendron*, 199 P.3d 971 (Utah Ct. App 2008).

[111] Partial Motion to Dismiss at 12.

[112] Complaint at ¶164.

However, the preceding paragraphs *do not* include facts that affirmatively demonstrate that a *meeting of the minds* between any of the Defendants. All that Plaintiffs offer is the conclusory statement that a meeting of the minds took place.[113] The Complaint fails to include the required allegations of *specific*, overt acts necessary for a claim of civil conspiracy. Under Utah law, Plaintiffs' thirteenth cause of action is insufficient. Defendants' Motion to Dismiss is therefore granted as to this specific cause of action and the cause of action is dismissed without prejudice.

### 5.   Plaintiffs Must Provide a More Definite Statement as to the Eleventh Cause of Action in the Complaint

Defendants request an order that Plaintiffs provide a more definite statement as to Plaintiffs' eleventh cause of action for intentional interference with economic relations.[114] In support of this request, Defendants argue that this cause of is not plausible on its face because the facts alleged do not relate to all fourteen defendants named in the eleventh cause of action.[115] Plaintiffs respond by offering that the "Complaint is plain and unambiguous as to its allegations" and that "each defendant named in each cause of action is clearly and unambiguously alleged to be liable for the respective claim."[116]

Certainly, "because Rule 8 of the Federal Rules of Civil Procedure provides for notice pleading and requires only a short and plain statement of the pleaders claim, 'Rule 12(e) motions are generally disfavored by the courts and are properly granted only when a party is unable to

---

[113] Opposition to Partial Motion to Dismiss at 12; Complaint at ¶168.

[114] Partial Motion to Dismiss at 10.

[115] *Id.*

[116] Opposition to Partial Motion to Dismiss at 14.

determine the issues to which a response is required.'"[117] But Fed. R. Civ. R. 12(e) "is designed to correct pleadings that are unintelligible not merely to correct a claimed lack of detail."[118] Therefore, "[r]equiring a more definite statement is . . . appropriate when addressing unintelligible or confusing pleadings."[119]

Here, the thrust of the Complaint is that the Defendants violated the terms of the Settlement Agreement, in particular as to activities at the Christensen Iceberg Stores after the Transfer Date. Although it follows that Plaintiffs seek to hold the Defendant entities associated with Christensen Iceberg Stores accountable for any alleged interference with economic relations attributable to those post-Transfer Date activities, it remains unclear as to how *all* fourteen Defendants named in this cause of action are liable.

As representative examples of this confusion, Defendant Dean Lehwalder is named in this cause of action.[120] But the only other detail provided in the Complaint about this defendant is that Dean Lewhalder is a manager or agent of Kelly Christensen and is alleged to have assisted with Christensen's "scheme to confuse the public."[121] Otherwise, the Complaint does not identify actions that could more specifically link Lehwalder to this cause of action. Defendant Shakemakers II is listed as a defendant under the eleventh cause of action,[122] but is not specifically described in the "parties" section of the complaint.[123] Beyond being a signatory to

---

[117] *Swig Holding, LLC v. Sodalicious, Inc.*, 2015 WL 5999896 at *1 (D. Utah Oct. 14, 2015), quoting *Creamer v. Ellis Cnty. Sheriff Dep't*, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009).

[118] *Id.*

[119] *May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1338 (D. Kan. 2019).

[120] Complaint at 47.

[121] *Id.* at ¶21.

[122] *Id.* at 47.

[123] *See* Complaint at ¶¶6-18.

the Settlement Agreement,[124] it is wholly unclear as to what relationship this defendant has to the Christensen Iceberg Stores.

This sort of confusion justifies an order requiring Plaintiffs to provide a more definite statement so that all the named Defendants under this cause of action can provide "a responsive pleading in the form of a denial or admission."[125] Defendants' request is granted, and Plaintiffs are ordered to provide a more definite statement regarding how each of the named Defendants in the eleventh cause of action are alleged to have intentionally interfered with Plaintiffs' economic relations.

### 6.   Denial of Plaintiffs' Proposed Amended Complaint is Appropriate Because It Does Not Address Deficiencies Identified in this Decision.

A plaintiff's "proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[126] While the Proposed Amended Complaint does provide additional detail and allegations regarding Defendants Dean Lehwalder and Hollie Johanson,[127] the Proposed Amended Complaint still contains many of deficiencies that have been identified in this memorandum decision which support the determination to dismiss of certain portions of the Complaint.

For example, the first cause of action in the Proposed Amended Complaint is still brought against all parties who signed the Settlement Agreement.[128] As detailed earlier in this memorandum decision, all of these parties cannot be held liable for breaching the identified

---

[124] Settlement Agreement at 27.

[125] *May*, 394 F. Supp. 3d at 1338.

[126] *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir.2006).

[127] Proposed Amended Complaint at ¶20.

[128] *Id.* at ¶35.

paragraphs of the Settlement Agreement when only certain parties owe obligations under those paragraphs.[129]

And as in the original complaint, the Proposed Amended Complaint broadly names the majority of the Defendants in Plaintiffs' sixth and seventh cause of action for the violation of Utah and federal trade secret law. As detailed earlier, given the terms of the Settlement Agreement, these causes of action may only be brought against Defendants Iceberg Opportunities, Motor City LLC, Taylorsville LLC, and Orem LLC absent specific allegations that demonstrate how the additionally named defendants could be liable for violating federal and state trade secret law.

Finally, the thirteenth cause of action for civil conspiracy in the Proposed Amended Complaint is just as ambiguous as it was in the original Complaint. The Proposed Complaint repeats the same error of offering the conclusory allegation that a meeting of the minds took place and then failing to[130] include the required allegations of *specific*, overt acts necessary for a claim of civil conspiracy.

It is evident that the parties would benefit from an Amended Complaint in this action going forward. But the Proposed Amended complaint does not correct the deficiencies that this memorandum decision has identified and would be futile in its present form. Plaintiffs' motion is therefore denied. However, because of the substantial dismissals which are ordered, the obviously careless pleading in the Complaint, and the difficulty of progressing in this action with this Complaint now riddled with dismissals, Plaintiffs must file an amended complaint within 28

---

[129] *See* Supra 9-16.

[130] Proposed Amended Complaint at ¶¶167-169.

days or this action will be dismissed. That Amended Complaint may simply restate the surviving claims or it may restate the surviving claims and also attempt to remedy the failed claims.

## ORDER

Based on the foregoing memorandum decision, IT IS HEREBY ORDERED as follows:

Defendants' Partial Motion to Dismiss Certain Parties and Claims in Plaintiffs' Complaint or, in the Alternative, a Motion for a More Definite Statement on Certain Claims[131] is GRANTED IN PART AND DENIED IN PART as follows:

- Defendants Partial Motion to Dismiss is GRANTED as to dismissal WITHOUT PREJUDICE of Defendants Kelly Christensen, Anchor, Four C, Shaking it Up, Caley's Catering, Shakemakers, Shakemakers II, and Iceberg, Inc from Plaintiffs' first cause of action.

- Defendants Partial Motion to Dismiss is GRANTED as to the dismissal of the portion of the first cause of action that claims a breach of "Provision 12" of the Settlement Agreement. That claim is also DISMISSED WITHOUT PREJUDICE.

- Defendants Partial Motion to Dismiss is GRANTED as to the dismissal WITHOUT PREJUDICE of Defendants Kelly Christensen, Anchor, 4C Shake, Four C, Shaking it Up, Caley's Catering, Shakemakers, Shakemakers II, Hollie Johanson, and Dean Lehwalder. from the sixth and seventh causes of action in Plaintiffs' Complaint.

- Defendants Partial Motion to Dismiss is GRANTED as to the dismissal WITHOUT PREJUDICE of Defendants Kelly Christensen, Anchor, 4C Shake,

---

[131] Defendants' Partial Motion to Dismiss Certain Parties and Claims in Plaintiffs' Complaint or, in the Alternative, a Motion for a More Definite Statement on Certain Claims, docket no 30, filed August 4, 2017.

Four C, Shaking it Up, Caley's Catering, Shakemakers, Shakemakers II, Iceberg, Inc. and Dean Lehwalder from the eighth and ninth causes of action in Plaintiffs' Complaint.

- Defendants Partial Motion to Dismiss is DENIED as to the fourth, fifth, and tenth causes of action in Plaintiffs' Complaint.

- Defendant's Motion for a More Definite Statement regarding Plaintiffs' Eleventh Cause of Action is GRANTED. Plaintiffs is ORDERED to provide a more definite statement in accordance with the direction specified in the memorandum decision.

- Defendants Partial Motion to Dismiss is GRANTED as to the dismissal WITH PREJUDICE of the twelfth cause of action in Plaintiffs' Complaint.

Plaintiffs' Motion for Leave to File an Amended Complaint[132] is DENIED.

IT IS FURTHER ORDERED that Plaintiff must file an Amended Complaint within 28 days or this action will be dismissed.

Signed March 27, 2021

BY THE COURT

David Nuffer
United States District Judge

---

[132] Memorandum in Support of Motion for Leave to File an Amended Complaint, docket no. 45, filed January 29, 2018.